IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| KRYSTINA FLOYD, )<br>)<br>PLAINTIFF, )<br>)<br>V. )<br>)<br>BOJANGLES' RESTAURANTS, INC., )<br>)<br>)<br>DEFENDANT. ) | Civil Action No. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Krystina Floyd, by and through counsel, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.*

2. Plaintiff Krystina Marie Floyd ("Plaintiff" hereafter) is domiciled within Catoosa County, Georgia.

3. Defendant Bojangles' Restaurants, Inc. ("Bojangles" hereafter) is a foreign corporation with its corporate headquarters at 9432 Southern Pine Boulevard, Charlotte, North Carolina 28273. Defendant maintains and operates restaurants in Georgia and has a designated Georgia registered agent, CT

Corporation System, who may be served at 289 S Cuyler Street, Lawrenceville, GA 30046-4805 (Gwinnett County).

4.   This Court has general personal jurisdiction over Defendant because Defendant committed all the acts of employment discrimination alleged herein within its Georgia offices and in furtherance of its business operations within the State of Georgia and more specifically the Northern District of Georgia.

5.   Venue is properly laid in this district pursuant to *28 U.S.C. § 1391*.

## CONDITIONS PRECEDENT TO SUIT

6.   Plaintiff has complied with all the prerequisites to an action under Title VII:

   a.   On or about May 5, 2021, Plaintiff timely filed a charge for the discrimination alleged in this complaint with the Equal Employment Opportunity Commission ("EEOC").

   b.   On or about September 1, 2023, the EEOC mailed notice to Plaintiff of the right-to-sue letter, permitting plaintiff the right to institute this action within 90 days of the receipt of her Notice of Right to Sue.

   c.   Plaintiff filed this action within 90 days of receipt of her Notice of Right to Sue.

## CLAIM FOR RELIEF

7. Plaintiff is a citizen of the United States and a resident of Catoosa County, Georgia.

8. Defendant owns and operates a Bojangles' restaurant in Fort Oglethorpe, Georgia in Catoosa County.

9. Upon information and belief Defendant has more than 100 employees among its Georgia offices alone.

10. Plaintiff was employed by Bojangles prior to December 4, 2020.

11. Plaintiff worked at Defendant's restaurant located at 2051 Battlefield Parkway, Fort Oglethorpe, GA 30742 under the direct supervision of manager, Joseph Morgan.

12. During Plaintiff's employment with Defendant, Joseph Morgan was the highest-ranking management employee at the Bojangles' restaurant.

13. During Plaintiff's employment with Defendant, Joseph Morgan was designated under Defendant's policies and procedures as someone to whom Plaintiff could report incidents of sexually harassing conduct by coworkers.

14. During Plaintiff's employment with Defendant, Defendant employed a worker named "William" [last name currently unknown] (hereinafter "William Doe" or "William").

15. During Plaintiff's employment with Defendant, William began a course of conduct with the intent of initiating a sexual relationship with Plaintiff, including the following specific acts:

    a. making graphic statements to her about the transmission of sexually transmitted diseases

    b. initiating unsolicited and unwelcome contact with Ms. Floyds buttocks and breasts on multiple occasions.

16. On December 1, 2020, William groped Plaintiff's buttocks without her consent at work.

17. On December 1, 2020, William told co-worker "McKenzie" [last name currently unknown] (hereinafter "McKenzie") at work that he wanted to "smash [Plaintiff's vaginal] walls." This statement was overheard by another co-worker "Alexis" [last name currently unknown] (hereinafter "Alexis").

18. On December 1, 2020, Plaintiff was made aware of these comments from William.

19. Plaintiff was also made aware by Alexis that William had propositioned Alexis and her girlfriend in the past to have a "three-way" with him.

20. On December 1, 2020, Plaintiff reported to Joseph Morgan that William had groped her buttocks without her consent and the statements he had made in the presence of McKenzie and Alexis.

21. In response, Joseph Morgan told Plaintiff that William was a nice guy and just didn't know how to act or talk.

22. Joseph Morgan told Plaintiff that William had harassed another female employee before but no action was taken because the female employee did not want to file a formal complaint.

23. On December 1, 2020, Joseph Morgan spoke with the other employees involved and asked Plaintiff what she wanted to do.

24. During Plaintiff's initial report of the harassment and this subsequent conversation, Joseph Morgan attempted to dissuade Plaintiff from filing a formal complaint.

25. Plaintiff made it abundantly clear to Joseph Morgan that she wanted to go through the proper channels to report the situation and make William stop his unsolicited physical contact with her body and lewd sexual comments regarding her and towards her.

26. Joseph Morgan did not tell Plaintiff any more instruction regarding any actions required on her part by Defendant's policies.

27. On December 1, 2020, Joseph Morgan and Plaintiff watched a surveillance video together showing William's act to grope Plaintiff's buttocks earlier that day.

28. After reporting the harassment, Plaintiff had to work the remainder of her shift which was two hours long with William.

29. The following day, Plaintiff reported for work and again had to work with William present.

30. Joseph Morgan notified his superior of the conduct and the superior arrived to the restaurant on December 2, 2020.

31. The superior had no contact with Plaintiff regarding the reported harassment.

32. A decision was made by Defendant to transfer William to another Bojangles restaurant.

33. On December 4, 2020, Plaintiff was assigned to the biscuit station, station she had never previously worked.

34. The biscuit station at the restaurant was an undesirable position by most employees at the restaurant.

35. Plaintiff was placed at this position despite there being another employee Blaine [last name unknown] who regularly handled this position on Plaintiff's shift.

36. On the same day, Plaintiff was told by Joseph Morgan that she was being placed at the biscuit station since William was no longer there.

37. On the same day, Plaintiff reported for work to learn that Joseph Morgan had shared with other coworkers that she had filed a complaint on William and was the reason for William's absence at the restaurant.

38. On the same day, Joseph Morgan had advised Plaintiff's coworkers that as a result of Plaintiff's complaint that William would suffer financially by no longer being eligible for overtime.

39. On the same day, Plaintiff's coworkers refused to speak to Plaintiff and blamed Plaintiff for William's absence at the restaurant.

40. On the same day, Plaintiff's coworkers unfollowed her from social media.

41. Due to the untenable and hostile work environment, Plaintiff quit later into her shift on December 4, 2020.

42. Shortly thereafter, Plaintiff learned that Joseph Morgan was sharing the surveillance video of William assaulting her to other store managers to mock her.

## COUNT I – SEX BASED DISCRIMINATION

43. Defendant Bojangles, by and through the acts above, has discriminated against the Plaintiff on the basis of her sex and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

44. Defendant Bojangles failed to protect Plaintiff from her harasser when it failed to respond to previously known acts of the harasser against another woman.

## COUNT II – RETALIATION FOR REPORTING OF SEXUAL HARASSMENT AND DISCRIMINATION

45. Defendant Bojangles had a duty to address Ms. Floyd's harassment and discrimination claim without causing retaliation.

46. Defendant violated that duty by making the details of the claim known to co-workers, punitively assigning Ms. Floyd to undesirable work, and blaming Ms. Floyd for the negative effect of the removal of William from the work schedule.

47. Ms. Floyd has suffered both financial and emotional damages as direct result of Defendant's actions for which Defendant is liable.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands the following relief:

(a) Full compensatory and consequential damages, including back pay and front pay, and lost benefits;

(b) Exemplary and punitive damages to the full extent permitted by law;

(c) Reasonable Attorney's fees and expenses;

(d) Pre-suit, pre-judgment, and post-judgment interest;

(e) All costs and disbursements;

(f) All other relief that is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so able to be tried.

RESPECTFULLY SUBMITTED THIS 29th DAY OF NOVEMBER, 2023.

        **McCamy, Phillips, Tuggle & Fordham, LLP**

        /s/ Nathan D. Lock
        Nathan D. Lock
        Georgia Bar No. 948780
        nlock@mccamylaw.com
        *Attorney for Plaintiff*
        P.O. Box 1105
        Dalton, Georgia 30722-1105
        Telephone: (706) 278-4499
        Fax: (706) 529-8814

In accordance with Local Rule 5.1 (C) (3), counsel hereby certifies that the formatting for filing herein is Times New Roman, 14 point.